Marvin, J.
The ease, The State of Ohio, ex rel. Harvey Keeler, against Lee H. Wagar, is a proceeding in Quo Warranto^ in which the petition shows that there is a hamlet of Rocky River in the township of Rockport, in this county. That co-extensive with the hamlet in boundaries, is Special school district of Rocky River. That Lee H. Wagar was, in 1896, elected as a trustee for said hamlet for the period of three years next ensuing. That in April, 1897, the same Lee H. Wagar, the defendant in this action, was elected as a member of the school board, he being still one of the trustees of the hamlet, having been regularly qualified and «engaged in the performance of bis duty. That in 1897 he was elected one of the school board of the special school *150 district of Rocky River. And this proceeding is for the purpose of ousting the defendant from the position of^a member of the school board.
The statute relied upon in the petition, is section 1717 Revised Statutes. This is under the title, “Officers of Cities and Villages.” The clause of this statute, relied upon, reads:
“And no member of council shall be eligible to any other office, or to a position on any board provided for in th’is' title, or created by law or ordinance of council, except as provided in the seventh division of this title.”
If the defendant were a member of the village council, and had been elected to the office of a member of the board of education of that same village, it would seem clear, from the language of this section, that he could not, as such member of the school board, act. And the circuit court of Clark county, in 1897, held, in the case of The State of Ohio ex rel. Frank S. Monnett, Attorney-General, v James C. McMillan, Vol. 15. Cir. Ct. Repts., 103, that one could not, while a member of a village council, hold a position as a member of the board of education of a special school district, where the village was wholly within the boundaries of the special school district. And we are inclined to think that that holding was right; although the special school district and the hamlet in this case, are not one and the same, the boundaries are co-extensive.
If, then, the statute is to be construed as though the words “member of council” included the trustees of a hamlet, then the defendant should be ousted from his position as a member of the school board.
In a case decided in this court, the opinion in which was reported in Vol. 15. Oir. Ot. Reports, 78, we held that ih a statute, then under consideration, the words, “member of the council,” or that the word, “council,” as applied in tha statute, included “trustees of a hamlet And, in that opinion, attention was called to quite a Dumber of sections of the statute, where, as we urged, the trustees must be included within the term, “members of council,” and that that resulted from the necessity of the case.
Among the statutes, to which attention was called in that opinion, was the statute which provides how telegraph poles *151 and telephone poles may be erected within a municipal corporation; the statute providing that they can only be erected by consent of the council, and, unless the word “council” in that statute included ‘‘trustees of the hamlet”, there could be no such thing as placing poles; for in no corporation could they be erected except by consent of council, and, in the statutes, the term includes “trustees of hamlet.” So as to each of the statutes construed in that case.
Harvey Keeler, for Plaintiff..
P. H. Kaiser, for Defendant.
It was said that this arose from necessity. The statute, of necessity, must have meant to include the trustees of the hamlet .when it used the word “council,” and that, to allow certain improvements to go on, they would be absolutely prohibited in the hamlet if the word “council” did not include the legislative body of the hamlet.
But, here is a case restricting the right of an elector. One who is an elector, is entitled to hold office to which he is elected, unless the statute forbids.
There must be a provision of the statute forbidding his holding the office. The language is; “No member of the council.” We know of no reason why one may not perform the proper duties of the “trustee of a hamlet” and of “the member of a board of education” at-the same time. And, since the terms of the statute do not prohibit his pursuing the two, we sustain the demurrer to the petition, and, supposing that no further pleading can be filed that will help the case, the petition will be dismissed.